Caria, per

Earle, J.
The finding of the jury, in these cases, seems to be unsatisfactory, both to the plaintiffs and to the defendant; for, although the counsel of the defendant insists that it is not sufficient to authorize his detention in custody, yet he has furnished grounds of appeal ; and whilst the counsel of the plaintiffs are equally clear, that the defendant is not entitled to be discharged, they likewise appeal and insist that there was error on the part of the Commissioner, and in the verdict of the jury. That was in these words, “we find, on the 9th suggestion, that the defendant fraudulently delayed to render a schedule of his property, to give a preference to other creditors, (over the plaintiffs,) and thereby delay, hinder, and defeat, their rights.” And it has been plausibly argued, that this finding does not convict the defendant of any of those acts, which deprive him of his right to be discharged; as it seems only to charge him with having intended to give a preference to other creditors, and with having intended to delay, hinder, or defeat the plaintiffs. And several of the Court are of opinion, that the verdict, to be effectual in detaining the defendant, should have found the fact, that another creditor was preferred, in some specified particular, or that *57 the plaintiffs, by some particular act, were defeated of their rights. But whilst others are of opinion, that the verdict would avail, in its present shape, we are all of opinion, that there was error on the part of the Commissioner^ of which either party may take advantage, to set aside the verdict; and first, of the exceptions taken by the plaintiff. There is some difference of opinion, in regard to the propriety of allowing the defendant to amend his schedule, after the grounds of objection were filed, and the omissions pointed out. But, as we conclude to send the case back for a new trial, we will permit the schedule to stand as amended. The Act of 1836, however, secures to the creditors, in person,- or by attorney, the right to examine, and cross-examine, the defendant, on oath, in presence of the Judge, or Commissioner, touching the truth of his schedule, and touching the nature ancl extent of his property, rights, and credits, liable to be assigned. When the Commissioner allowed the defendant to amend his schedule, by inserting other articles, or assets, it became, virtually, a new schedule, and the creditor had the same right to examine the defendant, on oath, touching the articles added, that he had, in regard to the original schedule; and there was error in refusing leave to examine him. So, too, I do not perceive the ground on which the Commissioner refused leave to the defendant, to answer such questions as were propounded by his own counsel. He had a right to be assisted by counsel, present with him at the examination; and, after answering all the questions propounded by the adverse counsel, it would seem but fair, that he should be allowed to make such further explanations, as might be suggested in questions propounded by his own counsel. He is not required to answer certain interrogatories set down in writing, but to be personally examined, and cross-examined; which, I think, implies the right to answer questions of his own counsel, in reply. We think there was, likewise, error on the part of the Commissioner, in permitting the counsel of the plaintiffs to read, as evidence, to the jury, on the trial, the examination of the defendant, in writing, previously taken before him, when the defendant applied for his discharge. We have already, at this term, considered that question, and have held, in Bentley vs Page, *58 that the Commissioner’s notes, of the defendant’s examination, are not competent evidence. If the contesting creditor, under the Act of 1836, may have the benefit of the defendant’s examination, on oath, before the jury, he must be sworn and examined in their presence.
J. D. Witherspoon, for motion. G. W. Williams, contra.
We are of opinion, therefore, that the verdict should be set aside, and a new trial ordered : and the plaintiffs have leave, if they think fit, to amend their ninth ground of objection to the defendant’s discharge, so as to render it more specific and certain. B. J. EARLE.
We concur. J. S. Richardson, John Belton O’Neall, Josiah J. Evans, A. P. Butler.